NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50228 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-02332-LAB |
| v. | |
| MANUEL GOMEZ-GUTIERREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 17, 2015[**]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Manuel Gomez-Gutierrez appeals from the district court's judgment and

challenges the 24-month custodial sentence and 12-month term of supervised

release imposed upon revocation of supervised release.   We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Gomez-Gutierrez contends that the district court procedurally erred by (1) relying on his "express" breach of the court's trust and impermissible sentencing factors, and (2) failing to explain adequately the upward variance or why a new term of supervised release was warranted in light of U.S.S.G. § 5D1.1(c). These claims fail. The record reflects that the court considered the 18 U.S.C. § 3583(e) factors and sufficiently explained its reasons for imposing the above-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Further, the record reflects that the court adequately considered U.S.S.G. § 5D1.1(c) and explained why it believed that a supervised release term would provide an added measure of deterrence. *See* U.S.S.G. § 5D1.1(c) cmt. n.5; *Kimbrough v. United States,* 552 U.S. 85, 108-10 (2007).

Gomez-Gutierrez next contends that the sentence is substantively unreasonable in light of the alleged procedural errors and because the district court illogically relied on deterrence. The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Gomez-Gutierrez's criminal and immigration history. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**